**PHILLIPS & ASSOCIATES**

Phillips & Associates, Attorneys At Law, PLLC
45 Broadway, Suite 620
New York, NY, 10006
Tel: (212) 248-7431
Fax: (212) 901-2107

October 27, 2016

<u>*Via ECF*</u>
Hon. Laura Taylor Swain
U.S. District Judge
U.S. District Court (S.D.N.Y.)
500 Pearl Street
New York, NY 10007

  Re: ***Santana v. Latino Express Restaurants, Inc.***
    **Case No. 15 cv 4934**

Your Honor:

  This letter is respectfully submitted on behalf of the plaintiff in the above-captioned matter. In short, the plaintiff is submitting this letter pursuant to the Court's directive on September 19, 2016 that the parties submit their settlement agreement and other necessary supporting proof no later than October 31, 2016 (See Docket #31). The plaintiff ultimately seeks judicial approval of the settlement terms agreed to in accordance with *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015).

  The parties memorialized and executed a settlement agreement, in exchange for a payment by the defendants to the plaintiff in the amount of $10,000.00 in satisfaction for all claims raised in this action (and in accordance with the terms of the settlement agreement). Pursuant to the terms of the settlement agreement, the plaintiff's counsel will retain $4,651.00 in fees and expenses, which amounts to 40% of the settlement amount (an amount agreed to between Plaintiff and counsel) along with remuneration of expenses paid forward by counsel in the amount of $651.00.

*Factual and Legal Disputes Among the Parties*

  It is submitted that there are a number of factual and legal disputes between the parties which could ultimately impact Plaintiff being able to be successful if this case proceeds to dispositive motion practice or trial.

  Here, initially, the parties starkly dispute the hours the plaintiff claims she worked. This could have a significant impact on whether the plaintiff could recover unpaid wages. In essence, the number of hours worked each week, if found to be a number lower than the amount pleaded in the Complaint, could significantly impact the amount of money the plaintiff is entitled to. In other words, if it is proven that the plaintiff worked fewer than fifty hours per week (as was

Hon. Laura Taylor Swain
October 27, 2016
Page 2 of 4

pleaded, See Docket #1, ¶24), this could result in her hourly rate increasing to a level above the minimum wage rate, as well as eliminate any overtime hours worked. There were no time records kept (i.e., no system for recording hours, See Docket #1, ¶21), so the factual conclusion would rest on credibility determination, of which the plaintiff would care to avoid given the risks.

Additionally, there is a disputed factual issue between the parties as to whether the plaintiff suffered sexual harassment. As stated in the Complaint, the plaintiff was sexually harassed by her manager (who also happened to be an owner of the restaurant) for the approximate five weeks she was employed by the defendants. As the Court may imagine, the defendants disagree that this ever happened and have contended that either: a) no comments of the nature alleged were ever made, and b) if there was an off-color comment ever made, it did not rise to the level of sexual harassment and was never directed at the plaintiff herself. As addressed above, because there does not seem to be any proof or corroborating eyewitness as to the plaintiff's allegations, a fact-finder would need to credit the plaintiff's statements over that of her accuser's. This is another situation whereby both sides bear particular risk.

Lastly, it is the plaintiff's position that the defendants simply have no money. This is the most notably component of the plaintiff's decision to settle now. No notice of appearance has been put in by any attorney on their respective behalves (i.e., no notice has been put in on behalf of the individual nor the corporation), and quite frankly, the plaintiff does not believe the defendants can afford legal counsel to represent them in this matter. In fact, the plaintiff has recently learned that the restaurant has since been sold and the plaintiff's counsel does not know if the previous owners (i.e., Mr. Pimental and his wife) even own the restaurant anymore. Further, the defendants have represented that $10,000 is all they could afford, and since paying the settlement funds, once check has bounced for lack of funds (it was ultimately repaid). The plaintiff is cognizant of the defendants' financial situation and has no interest in further complicating an apparently bleak financial circumstance of theirs.

*Certain Terms of the Settlement Agreement*

The plaintiff's counsel cognizant of certain requirements of settlement agreements which purport to settle wage & hours claims under the FLSA and NYLL in light of the Second Circuit's recent decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), as well as the view taken by numerous judges in the U.S. District Court for the Southern District of New York. S*ee, e.g., Lopez v. Nights of Cabiria, LLC*, 14-cv-1274(LAK), 2015 U.S. Dist. LEXIS 42554 (S.D.N.Y. Mar. 30, 2015); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012).

At present, the parties have executed a settlement agreement (attached hereto as <u>Exhibit A</u>). First and foremost, there is no language as to confidentiality, and the total settlement amount (as well as the amount the plaintiff would ultimately take home after paying her attorney) would be filed via ECF. *See Lopez*, 2015 U.S. Dist. LEXIS, at *14. Furthermore, the settlement agreement does not contain any provisions which would bar the plaintiff from "openly discussing his experiences litigating this wage-and-hour case." *Id.*, at *16. These non-inclusions

seek to accomplish the "external fairness" that courts have addressed in rejecting such confidentiality provisions. *Id.*, at *17.

Furthermore, courts have mandated that parties disclose the amount in attorneys' fees. *See, e.g., Lopez*; *Wolinsky*. Here, the parties have agreed to the following break-down as to ultimate payment of the settlement amount:

- Unpaid wages/ emotional distress damages:   $5,349.00
- Attorneys' fees and expenses:   $4,651.00

In addressing the amount agreed to with respect to the plaintiff's share, the plaintiff only worked for the defendants for approximately five weeks. Thus, after paying her attorney, she is receiving approximately $1,069.80 for each week of alleged unlawful behavior suffered at the hands of the defendants.

As for attorneys' fees, "[w]here a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." *Wolinsky*, 900 F. Supp. 2d, at 336. To this end, the firm of the plaintiff's counsel represents clients (the present plaintiff included) on a contingency-fee basis, calculated during this case at 40%. This was the rate agreed upon by the plaintiff and counsel.

Here, significant work was expended by the plaintiff's counsel in meeting with the plaintiff and reviewing the facts in order to draft the complaint. Then, time was expended in calculating damages and drafting a complaint. An initial conference was held on February 19, 2016, and the plaintiff's counsel thereafter prepared default judgment paperwork before being put into contact with the defendants' representative. Then, there was significant back-and-forth in determining that the defendants had little-to-no money, and thereafter negotiating a settlement agreement. The total amount of time expended in this matter is approximately 20 hours.

As for the fairness of the amount sought, it is submitted that Plaintiff's counsel–to wit, attorneys at a firm that specialize in employment law—could reasonably seek a rate of $400.00 per hour for legal services. In fact, courts frequently have approved the rate of $400.00 for attorneys with similar experience and/or acumen within this Circuit (Mr. Wolnowski became licensed in February 2009 and has been practicing employment law exclusively for three years after having previously worked in the Court system). *See, e.g., Barbu v. Life Ins. Co. of N. Am.*, No 12-CV-1629 (JFB) (SIL*)*, 2015 U.S. Dist. LEXIS 21874, at *6 (E.D.N.Y. Feb. 24, 2015). In fact, the rate of $350.00 had been previously sought in connection by this particular attorney (Mr. Wolnowski) and such request (for fees at a rate of $350.00/hr.) was approved by the Court (in a default judgment context) on March 24, 2015, which is a period of over 16 months prior to the date of this letter's filing. *See Staten v. Waldorf Properties Group, LLC et al.* (EDNY 14-cv-5947 (JBW)(VVP)) (Docket #'s 11-16). It is submitted that counsel's rate increasing approximately $50.00 in that time period is reasonable.

Here, as stated above, the plaintiff's counsel has expended a total of approximately 20 hours to date. Given the fees sought ($4,000.00), this would amount to a rate of approximately $200.00 per hour in utilizing the lodestar method. The plaintiff submits this rate is fair given the

Hon. Laura Taylor Swain
October 27, 2016
Page 4 of 4

amount of time expended on this case, especially seeing as this rate has been deemed an acceptable rate for attorneys pursuing employment-related legal matters within this Circuit (*See, e.g., Barbu*).

*Conclusion*

In light of the foregoing, the plaintiff respectfully submits that the proposed settlement amount is fair and reasonable, and further, that the terms of the settlement agreement comport with the requirements under the FLSA and NYLL. Accordingly, the plaintiff respectfully requests the Court to approve the settlement agreement and its agreed-upon terms in principal, and thereafter dismiss the present action with prejudice.

The plaintiff thanks the Court for its attention to this matter.

Respectfully submitted,

_____
Casey Wolnowski, Esq.
*Attorneys for Plaintiff*
Email: cwolnowski@tpglaws.com